7 F.3d 184
 63 Fair Empl.Prac.Cas. (BNA) 1, 62 Empl. Prac.
Dec. P 42,564,
Pens. Plan Guide P 23889T
Frederic RAYMOND; J.A. Morrison; Robert G. Jacobsen;
Donald F. Hill; George Liveris; Robert Irwin; A.D. Bond;
Virginia Howard; Ira S. Reavis; Billy Rhea Sargeant, for
themselves and on behalf of others similarly situated, and
others as opt in or consent plaintiffs pursuant to
applicable federal law, Plaintiffs-Appellees,
v.
MOBIL OIL CORPORATION, Defendant-Appellant.
 No. 93-1159.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 6, 1993.
 
 Michael E. Tigar (John G. Koeltl and Mary Ann Doyle, of Debevoise & Plimpton, New York City, and Harold A. Haddon, of Haddon, Morgan & Foreman, P.C., Denver, CO, with him on the briefs), Austin, TX, for defendant-appellant.
 Rodney R. Patula (Ricardo M. Barrera, of Pryor, Carney & Johnson, P.C., with him on the brief), of Pryor, Carney & Johnson, P.C., Englewood, CO, for plaintiffs-appellees.
 Before TACHA and SETH, Circuit Judges, and BRIGHT*, Senior Circuit Judge.
 TACHA, Circuit Judge.
 
 
 1
 Mobil Oil Corporation appeals under 28 U.S.C. § 1292(b) from an interlocutory order of the district court denying its motion for summary judgment on plaintiffs' claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. We reverse.
 
 I. Background
 
 2
 This is an opt-in ADEA class action brought by former Mobil employees who retired under the same Mobil Retirement Plan amendments at issue in Mitchell v. Mobil Oil Corp., 896 F.2d 463 (10th Cir.), cert. denied, 498 U.S. 898, 111 S.Ct. 252, 112 L.Ed.2d 210 (1990), Christopher v. Mobil Oil Corp., 950 F.2d 1209 (5th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992), and the previous appeal in this case, Raymond v. Mobil Oil Corp., 983 F.2d 1528 (10th Cir.1993). Because these other cases set forth the essential undisputed facts of this case, we do not repeat them here. Certain additional facts, however, are relevant to this appeal.
 
 
 3
 The plaintiffs filed this action in December 1988, asserting that they were "constructively discharged" in violation of the ADEA because of Mobil's retirement plan amendments and related nondisclosures.[1] The essence of the "constructive discharge" claim is as follows: The July 1984 amendment of the "lump-sum option" under Mobil's retirement plan presented Mobil employees over the age of fifty-five with two unfavorable choices. They could either retire within the six-month window period and take their lump-sum benefit or they could continue to work for Mobil but risk eligibility for the lump-sum benefit in the future. Both of these choices were less favorable than their status quo prior to the July 1984 amendment--staying with Mobil until normal retirement age with the assurance of eligibility for the lump-sum payout. Thus, according to this theory, Mobil willfully violated the ADEA by putting its employees to a "coercive choice" that resulted in a constructive discharge--the employees were forced to retire within the window period and to forfeit their current salaries and future increased benefits.
 
 
 4
 In January 1992, the Fifth Circuit decided the Christopher case, holding that an ADEA "constructive discharge" claim based on Mobil's retirement plan amendments and related nondisclosures was barred by the applicable statute of limitations. The plaintiffs in this case then artfully amended their complaint, purporting to drop their ADEA "constructive discharge" claim by asserting a newly labeled "fraudulent discharge" claim in its place. The essence of plaintiffs' "fraudulent discharge" claim is as follows: After announcing the July 1984 amendment, Mobil adopted a September 1984 amendment which contained a "waiver provision" that allowed employees to receive a lump-sum benefit even if they did not meet the threshold requirements imposed by the July 1984 amendment. Plaintiffs argue that Mobil concealed facts about this waiver provision that would have informed them that Mobil would have been required to grant waivers to virtually all of its employees. Had they known about the waiver provision, plaintiffs claim they would not have retired. Thus, Mobil's concealment of the waiver provision in the September 1984 amendment allegedly deceived--not coerced--the older workers into retirement.
 
 II. Discussion
 
 5
 Mobil contends that the district court erred in denying its motion for summary judgment on plaintiffs' "fraudulent discharge" claim. We review the district court's denial of summary judgment de novo. Wheeler v. Hurdman, 825 F.2d 257, 260 (10th Cir.), cert. denied, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987).
 
 
 6
 In Christopher, three former Mobil employees brought claims in 1989 under the ADEA based on Mobil's 1984 retirement plan amendments and Mobil's "alleged failure to disclose to appellants all of the options available under the amended plan." Christopher, 950 F.2d at 1212. The district court granted Mobil's motion for summary judgment on these ADEA claims and the three employees appealed. The Fifth Circuit held that these claims were barred by the ADEA's statute of limitations, which began to run in July 1984 when the retirement plan amendments were adopted. Id. at 1217.
 
 
 7
 Based on Christopher, Mobil argues that the plaintiffs' ADEA claim for "fraudulent discharge" in this case is time-barred. We agree. Plaintiffs' claim is virtually identical to the one brought in Christopher. See Raymond, 983 F.2d at 1530 n. 2 ("The plaintiffs in Christopher argued that the concealment of the waiver option was fraudulent, and plaintiffs in this case have, following Christopher, made the same fraud argument concerning the waiver option."). The "constructive discharge" claim in Christopher was based on Mobil's retirement plan amendments and its alleged concealment of the waiver provision. In this case, plaintiffs have labeled their claim a "fraudulent discharge" claim, alleging that Mobil's concealment of the waiver provision deceived them into retiring. Plaintiffs' attempt to distinguish their "fraudulent discharge" claim in this case from the ADEA claim brought in Christopher is merely an exercise in semantics. Although the plaintiffs here bring a "fraudulent discharge" claim, it is based on the same theory alleged by the plaintiffs in Christopher--that Mobil's concealment of the waiver provision caused them to opt for early retirement. We will not allow the plaintiffs to artfully plead around the Christopher decision by recharacterizing their claim as a "fraudulent discharge" claim. We adopt the reasoning of the Fifth Circuit and hold as a matter of law that plaintiffs' "fraudulent discharge" claim is barred by the ADEA's statute of limitations. See Christopher, 950 F.2d at 1213-17.
 
 
 8
 For the foregoing reasons, we REVERSE the district court's denial of Mobil's motion for summary judgment on plaintiffs' ADEA claims and REMAND for entry of summary judgment in favor of Mobil.
 
 
 
 *
 The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 The plaintiffs also brought claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. We have ruled previously on these claims. See Raymond, 983 F.2d at 1529 (holding that plaintiffs lacked standing to sue under ERISA)